**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| PEDRO REYES SEVILLA,<br><br>Plaintiff,<br><br>v.<br><br>ALTO MARINO,<br><br>Defendant. | : | Civ. No. 23-20408 (CCC) (AME)<br><br>**OPINION & ORDER** |

**CLAIRE C. CECCHI, U.S.D.J.**

Pro se plaintiff Pedro Reyes Sevilla, a pretrial detainee at Hudson County Jail (the "Jail"), seeks to commence a lawsuit pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff also moves to proceed *in forma pauperis* ("IFP"). ECF No. 1-1. For the reasons below, the motion to proceed IFP is granted, and the complaint is dismissed without prejudice.

**I. IFP**

A prisoner seeking to file a civil action IFP must submit an affidavit, including a statement of all assets, stating that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). Plaintiff has complied with these requirements and demonstrated indigence. Accordingly, IFP status is appropriate, and Plaintiff's IFP motion (ECF No. 1-1) is granted.

## II. The Complaint

### A. Factual Allegations

Notwithstanding Plaintiff's eligibility for IFP status, the Court is still required to screen the complaint. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). For screening purposes, the Court accepts the well-pleaded, plausible allegations in the amended complaint as true. The complaint alleges as follows.

The complaint arises from a search of Plaintiff's cell and property while he was a pretrial detainee. Plaintiff alleges he is "Mexican American with a lot of visual tattoos all over [his] body," including "sleeves on [his] arms, . . . face[,] and head," and "[e]ven numbers 13 are present on [him]." ECF No. 1 at 8. In August 2023, defendant Sgt. Alto Marino asked Plaintiff to "get up and sit on a stool at [his] bedside." *Id*. Marino told Plaintiff that an investigation was "going on and he needed to search [Plaintiff's] things." *Id*. Marino searched Plaintiff's "sheets and . . . personal property" and "confiscated everything," including a "book w[h]ich had songs on it" and a letter Plaintiff "was planning to send to [his] family." *Id*. "After some time[,] everything was brought back but one notebook with [Plaintiff's] song and the letter." *Id*. Plaintiff was not "charged with any offense"; he "never saw any discipline committee"; and there has never been any "paperwork delivered to [him] about this issue." *Id.*; *see also id.* ("There is no documentation of any investigation for this officer to treat me the way he did and take my music and not return it with no charge or reason.") (capitalization omitted). In essence, then, the complaint alleges that Plaintiff was searched, that his property was temporarily confiscated, and that the property was returned to him except for one notebook containing a song and letter. Plaintiff believes, "for different reasons," that this "was a racial attack." *Id*.

Based on these facts, Plaintiff seeks to hold Marino liable for "violating [his] constitutional right to the Fourth Amendment Constitution of prisoner search or seizures or warrantless searches-seizures." *Id*. In his request for relief, Plaintiff asserts that he wants "Hudson County Jail to respect the constitutional rights of incarcerated inmates no matter race or creed," and he seeks damages in the amount of $60,000. *Id.* at 6 (capitalization omitted).

**B. Standard of Review**

As noted above, district courts are required to review complaints in civil actions filed by prisoners, *see* 28 U.S.C. § 1915A(a), and to dismiss any case that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Rivera v. Monko*, 37 F.4th 909, 914 (3d Cir. 2022). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**C. Section 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

*Id.* Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

**D. Analysis**

Construing Plaintiff's complaint liberally, he appears to allege that (1) Marino's search of his cell and seizure of his property violated his Fourth Amendment right to be free of unreasonable searches and seizures and (2) Marino's failure to return his notebook and letter violated his due process rights under the Fourteenth Amendment. He may also be attempting to assert an equal protection claim, i.e., that he was treated differently from other similarly situated inmates because

of his race. For the reasons below, these allegations, as presently formulated, fail to state a claim upon which relief may be granted.

First, Plaintiff has failed to state a claim under the Fourth Amendment because "the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *Humphrey v. Sec'y Pa. Dep't of Corr.*, 712 F. App'x 122, 125 (3d Cir. 2017) (per curiam) ("[T]he Fourth Amendment has no applicability to the contents of a prisoner's cell."); *Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001) ("The Supreme Court has concluded that the Fourth Amendment right to privacy, to be free from unreasonable searches, is fundamentally inconsistent with incarceration."). The analysis is no different for pretrial detainees like Plaintiff. *See Bell v. Wolfish*, 441 U.S. 520, 558–560 (1979) (finding that body cavity searches of pretrial detainees do not violate the Fourth Amendment); *Petlock v. Nadrowski*, No. 16-310, 2016 WL 7173781, at *8 (D.N.J. Dec. 8, 2016) ("It is important to note that although pretrial detainees are entitled to some protection under the Fourth Amendment, they do not have an expectation of privacy equal to an individual in society generally."); *Lorenzo v. Jones*, No. 11-1566, 2011 WL 4345454, at *4 (D.N.J. Sept. 9, 2011).

Second, Plaintiff's claim related to the alleged loss of his notebook and letter does not state a claim under the Fourteenth Amendment because "an unauthorized intentional deprivation of property" by prison officials does not violate the Due Process Clause "if a meaningful post-deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533 (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)). This applies to pretrial detainees as well as convicted prisoners. *See Shareef v. Moore*, No. 18-1494, 2020 WL 1445878, at *3–4 (W.D. Pa. Mar. 25, 2020), *aff'd*, 844 F. App'x 487 (3d Cir. 2021) (dismissing due process claims of pre-trial detainee for property confiscated by prison staff). It is well established that the New Jersey Tort Claims Act ("NJTCA"), N.J. STAT.

ANN. § 59:1–1 et seq., provides a post-deprivation judicial remedy to persons who believe they were deprived of property at the hands of the State or local government. *Asquith v. Volunteers of America*, 1 F. Supp. 2d 405, 419 (D.N.J. 1998), *aff'd*, 186 F.3d 407 (3d Cir. 1999); *see also Yelverton v. Wetzel*, No. 21-1727, 2023 WL 9540366, at *4 (W.D. Pa. May 1, 2023), *report and recommendation adopted*, 2024 WL 360757 (W.D. Pa. Jan. 31, 2024). Accordingly, Plaintiff's deprivation of property claim is insufficient to state a federal claim upon which relief may be granted under Section 1983. Thus, this claim will be dismissed without leave to amend.

Finally, to allege a plausible equal protection claim, a prisoner must allege "that he was treated differently than other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected class." *Mack v. Warden Loretto FCI*, 839 F.3d 286, 305 (3d Cir. 2016). Persons are "similarly situated" for purposes of an equal protection claim when "they are alike in all relevant respects." *Starzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008). "Additionally, to state a race-based equal protection claim, a plaintiff must allege that defendants were motivated by racial animus." *Burk v. Wellpath*, No. 23-4233, 2024 WL 733599, at *3 (E.D. Pa. Feb. 22, 2024) (citations omitted). Plaintiff's equal protection claim—to the extent he sought to assert one—falls short of these pleading standards. Plaintiff does not, for example, allege that similarly situated inmates of other races were not searched, nor does his conclusory assertion that he believes he was targeted because of his race allow the Court to draw a plausible inference that he was selected for a search and his property was confiscated due to racial animus, as opposed to a permissible race-neutral reason, such as an ongoing investigation.

## III. Conclusion

Accordingly, for the reasons stated above, IT IS on this 30th day of September 2026;

**ORDERED** that Plaintiff's Fourth Amendment and equal protection claims are **DISMISSED** without prejudice and Plaintiff may submit an amended complaint accompanied by a request to reopen this matter within 45 days if he can cure the deficiencies in those claims; and it is further

**ORDERED** that Plaintiff's Fourteenth Amendment claim is **DISMISSED** without leave to amend, but without prejudice to filing a state law claim in state court, if appropriate; and it is further

**ORDERED** that the Clerk shall mail a copy of this Opinion and Order to Plaintiff at his last known address and shall **CLOSE** this matter.

**SO ORDERED.**

*s/ Claire C. Cecchi*

HON. CLAIRE C. CECCHI
United States District Judge